IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 21-CR-186-AGF-NAB ) |
| SANTANA BALL, | ) ) |
| Defendant. | ) ) |

## DEFENDANT'S MOTION IN LIMINE

Comes now Defendant Santana Ball, by his attorney, John D. Stobbs II, and hereby requests that the Government not be allowed to introduce at the upcoming April 17, 2023 trial the following evidence:

### I. Criminal Charges & Convictions

Defendant has a long criminal history commencing in 1997 when he was 17 years old. In the intervening 26 years, he has been arrested, charged and/or convicted approximately 2 dozen times.

It is Defendant's position that the only reason the Government would attempt to introduce any of these arrests, charges and/or convictions is to show Defendant acted in accord therewith. It is Defendant's position that the Government cannot articulate any proper reason for this Honorable Court to admit into evidence any of Defendant's numerous convictions.

Based on conversations with the Government, Defendant specifically objects to the following 3 convictions:

*A. 2012 St. Charles Case #211-CR00545-01*

On February 27, 2013, Defendant a jury found Defendant guilty of distribution of a controlled substance (heroin) as found in Count 2 of the charging instrument. Defendant was sentenced to 20 years in jail and was paroled on March 16, 2020.

1

Defendant's alleged involvement in this conspiracy allegedly commenced sometime towards the end of 2021 and concluded in the first few months of 2021.

Federal Rule of Evidence 404(b)(2) states:

**"(2) *Permitted Uses*.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

Nothing from Defendant's 2013 conviction or charges would go to show any of the permitted uses of 404(b).

In fact, a brief Federal Rule of Evidence 403 analysis would show that this evidence, *even if* admissible under 404(b) would be so prejudicial so as to deprive Defendant of a fair trial.

Succinctly stated, it would be prejudicial to allow the Government to claim that within a year of his release from prison, Defendant became engaged in the "drug business" again.

### B. 2011 St. Louis City Circuit Court Case #1122-CR05075-01

On October 25, 2013 Defendant pleaded guilty to possession of a controlled substance (crack & hydrocodone) and was sentenced to 10 years incarceration in the Missouri Department of Corrections.

Defendant is charged in this case with conspiracy to distribute methamphetamine. He was surveilled by law enforcement on February 6, 2021 with co-Defendant Steven Bell. Law enforcement conducted a stake out of what was expected to be a transaction involving at least one half kilogram of methamphetamine. Law enforcement observed co-Defendant Bell enter Defendant's vehicle, but did not conduct a traffic stop of either vehicle. On February 9, 2021 law enforcement stopped Defendant's vehicle and did not locate any illegal narcotics.

The quantities of drugs Defendant is allegedly supposed to have trafficked in the present case dwarfs the amount of drugs involved in the St. Louis case.

The same analysis of the St. Charles County case applies to the St. Louis Circuit Court case. The conviction and conduct does not arise to meet 404(b)(2) and under a 403 analysis would be so prejudicial so as to deny Defendant a fair trial.

### C. 2001 U.S. District Court Case 4:00CR399DJS

On February 23, 2001, the Honorable Donald J. Stohr sentenced Defendant to 72 months for possession with intent to distribute cocaine base.

The conviction occurred over 2 decades ago, and while it is true that Defendant spent about a decade in jail making it difficult to commit another crime, nevertheless the conduct occurred so long ago that to allow its introduction would seriously jeopardize his ability to receive a fair trial.

## II. Expert Testimony

### A. Timeliness

Federal Rule of Criminal Procedure 16 (a)(1)(G) was amended in 2022 to make it more similar to how expert testimony is admitted in civil trials. In order to prevent surprise, the amended Rule requires that the expert testimony be disclosed in a timely manner so that each side can make use of the proposed testimony.

Here, on May 23, 2022 (Doc. 381) Defendant requested that the Government disclose who it intended to call as an expert witness in this case. The Assistant U.S. Attorney handling this case orally advised the undersigned that an expert law enforcement witness would be called, so timely disclosure of the fact that an expert will be called has been made.

But, just because the disclosure is timely does not make it late so as to prevent Defendant from being able to adequately cross-examine its expert witnesses.

### B. Objectionable Testimony

The Government has indicated that it intends to call Task Force Office Eric Lanham to testify.

The Government indicated that it will satisfy the requirements of Amended Rule 16, and has advised the undersigned as to the areas it expects for Agent Lanham to testify about.

The first problem with the late disclosure of TFO Lanham is that it is impossible for the undersigned to procure the transcripts of the other 2 cases he testified as an expert. Just because the Government meets its burden at timely disclosure does not absolve it of the unfairness to Defendant not being able to adequately cross-examine TFO Lanham with his prior testimony. The late disclosure prevents the undersigned from rendering effective counsel to Defendant.

The Government has indicated TFO Latham will testify about the following:

1. methamphetamine is no longer commonly manufactured in Missouri;
2. methamphetamine generally comes to St. Louis from areas outside the United States through source cities;
3. drug distribution organizations typically involve kilogram or pound level distributors in another source state who arrange for the transportation of drugs to Missouri;
4. couriers typically move kilogram or pound quantities of controlled substances from the source location to the destination location, and are routinely paid money for transporting the narcotics;
5. narcotics are often sent through the mail or other common carriers with an understanding that a certain percentage of packages will be intercepted by law enforcement;
6. once the narcotics reach the destination location, they are typically received by a cell head that receives and is responsible for the narcotics;
7. beneath the higher level distributors, there are tiers of lower level distributors, including ounce distributors;
8. there are also distributors, often at the street level, who distribute less than ounce quantities of controlled substances;
9. pound quantities of certain types of narcotics, are often broken down into smaller quantities for distribution;
10. street level usage units;
11. pricing of methamphetamine;
12. methamphetamine shortages beginning in March 2020 with COVID restrictions;
13. increased price of methamphetamine due to the supply shortages;
14. during 2020 and 2021 drug dealers in the St. Louis area were forced to find alternative sources of supply for narcotics based upon availability;
15. commonly used methods to ingest various controlled substances;
16. purity levels of methamphetamine seized in the St. Louis area; and
17. terms commonly utilized in relation to narcotics distribution, such as: "half way" or "half time" refers to half of a quantity of narcotics.

Co-Defendant Steven Bell is expected to testify. Who better than Mr. Bell to testify about the foregoing? This trial is expected to last 2 days, and for TFO Lanham to consume about 20% of the trial with his testimony would be prejudicial to Defendant.

During late January of 2021, Defendant and Steven Bell discussed "half time" and "half way." If co-Defendant Bell testifies as to what those terms meant to him, how does it help the jury for TFO Lanham to give his input?

One of the goals of the Amended Rule 16(a)(1)(G) was to streamline the use of expert testimony in criminal trials. A short trial where *the* key witness will testify against Defendant makes TFO Lanham's testimony unnecessary. The issue is how does TFO Lanham's testimony help the jury decide a fact that he is testifying about?

The Government also indicated that TFO Lanham will testify that $3,250 is consistent with the price that would have been paid for a half a pound of methamphetamine in early 2021. The reason the Government desires for this testimony is because after the "half time" "half way" discussion, Defendant allegedly texted "32.5." If the Government has its way, TFO Lanham would testify that "half way" and "half time" meant one-half a pound of meth. That was being sold for $3,250. Again, if co-Defendant Bell testifies that he was going to pay Defendant $3,250 for a half kilogram of methamphetamine, why is it necessary for TFO to testify to that?

Finally, a *Daubert* hearing could be necessary for this Honorable Court to determine the admissibility of some of TFO Lanham's conclusions. Specifically, just because TFO Lanham has on the job training and has attended classes does not make him an expert in the drug culture. In order to do so, this Honorable Court would have to find it more likely than not that the TFO Lanham's methods are reliable and reliably applied to the facts in Defendant's case.

WHEREFORE, Defendant requests that this Honorable Court grant his Motion in Limine and prohibit the Government from introducing the above convictions and expert testimony.

5

                                                  SANTANA BALL

                                                  STOBBS LAW OFFICES

BY:

                              /s/John D. Stobbs II
                              John D. Stobbs II, No. 43052
                              E.D.Mo. Number 40623
                              Attorney for Defendant
                              307 Henry St. Suite 211
                              Alton, Illinois 62002
                              Telephone: (618)462-8484
                              FAX: (618)462-8585
                              Email: jds2@stobbslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2023, a copy of the attached *Defendant's Motion In Limine* was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Ms. Jeannette Graviss
Assistant U.S. Attorney
111 S. 10th Street
St. Louis, Missouri 63102

STOBBS LAW OFFICES

/s/ John D. Stobbs II
Attorney for Defendant
307 Henry St. Suite 211
Alton, Illinois 62002